[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12691
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 23, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:10-cr-00348-JSM-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BASILLIO ALVARDO,
a.k.a. Basillio Alvarado,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 23, 2012)

Before MARCUS, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Basillio Alvardo appeals his sentence of 420 months of imprisonment for

possession with intent to distribute methamphetamine, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm and ammunition by a felon. Alvardo argues his sentence was procedurally unreasonable. 18 U.S.C. § 3553(c). We affirm.

Section 3553(c) requires that the district court state its reasons for imposing a particular sentence. Id. The district court satisfies section 3553(c) if it states that it "has considered the parties' arguments and has a reasoned basis" for its conclusion. Rita v. United States, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007); United States v. Docampo, 573 F.3d 1091, 1100 (11th Cir. 2009). A brief explanation is sufficient, particularly when the arguments made are "conceptually simple." Rita, 551 U.S. at 356, 127 S. Ct. at 2468.

The explanation provided by the district court, "though brief, was legally sufficient." Id. Alvardo argued briefly for a downward variance, but he admitted that he had a lengthy criminal history and a history of substance abuse. The district court acknowledged that Alvardo had "made a statement" and then explained that it had "reviewed the presentence report and considered the advisory guidelines and the factors of 18 USC, Section 3553" and determined that a sentence of 420 months of imprisonment within the guideline range was "sufficient but not greater than necessary to comply with the statutory purposes of

2

sentencing."

We **AFFIRM** Alvardo's sentence.